**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

HYUNHO YOON,                                    §
                                                §
            Petitioner,                         §
                                                §
v.                                              §          **SA-25-CV-1194-DAE**
                                                §          **SA-16-CR-132-DAE-1**
UNITED STATES OF AMERICA,                        §
                                                §
            Respondent.                         §
                                                §

## ORDER

Before the Court are Petitioner Hyunho Yoon's *pro se* "Petition for Writ of Habeas Corpus (Pro Se) or, in the alternative, Petition for Writ of Error Coram Nobis" (ECF No. 1); the Government's Response in Opposition Thereto (ECF No. 4); and Yoon's Amended Petition for Writ of Error Coram Nobis. (ECF No. 5).[1] For the following reasons, Yoon's request for a writ of error *coram nobis* is **DENIED**.

## BACKGROUND

On June 25, 2015, while enlisted in the United States Navy, Yoon was convicted of abusive sexual contact in violation of Article 120(d) of the Uniform Code of Military Justice, 10 U.S.C. § 920(d), in a court-martial proceeding. (ECF No. 35-1 in 5:16-CR-132-DAE-1). For that conviction, Yoon was sentenced to six months in military prison and discharged with a bad-conduct charge. (*Id.*). Yoon was required to register as a sex offender for that conviction under the Sex Offender Registration and Notification Act (SORNA), 34 U.S.C. § 20901, *et seq.* Section

---

[1] Yoon's *coram nobis* proceeding was opened as civil Cause No. 5:25-CV-1194-DAE. All filings related to the *coram nobis* proceeding are cited in this Order using only the ECF docketing number. To avoid confusion, citations to the criminal proceeding are cited in this Order using both the criminal cause number and ECF docketing number.

1

20913(a) (Registry requirements for sex offenders) requires that a sex offender register and keep the registration current, in each jurisdiction where the offender resides, is employed, or is a student. Additionally, for initial registration, the offender must register in the jurisdiction of the conviction. The statute further requires that the sex offender shall initially register (1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or (2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment. § 20913(b). Sex offenders who knowingly fail to register or update a registration under SORNA may be prosecuted under 18 U.S.C. § 2250.

On November 2, 2015, while still in military custody, Yoon signed the Notice of Release/Acknowledgement of Convicted Sex Offender Registration Requirements (DD Form 2791). (ECF No. 17 at 2 in 5:16-CR-132-DAE-1). That form states that Yoon must register as a sex offender upon release from custody and must register in any state to which he moves. (*Id.*). The form further advised Yoon that if he fails to comply, he could be charged with failing to register under § 2250. (*Id.*). Yoon initialed each box for the various requirements of his registration conditions. (*Id.*). When asked where he would reside, Yoon provided an address in San Antonio, Texas. (*Id.* at 2-3). The notice also advised Yoon he must contact the San Antonio Police Department (SAPD) and provided the specific address for the registration unit. (*Id.* at 3).

Yoon was released from military prison in Charleston, South Carolina, on November 15, 2015. (*Id.*). On December 15, 2015, the U.S. Marshals Service National Sex Offender Targeting Center (NSOTC) checked the federal sex offender public website and the Texas Department of Public Safety (DPS) sex offender website and could not find Yoon registered anywhere. (*Id.*). In late January 2016, a Deputy U.S. Marshal checked with both the SAPD and the Bexar County Sheriff's Office and discovered that Yoon had neither registered nor attempted to

2

register as a sex offender. (*Id.*). A search of the Texas DPS sex offender website for law enforcement also revealed that Yoon had not registered anywhere in the state of Texas. (*Id.*).

On January 28, 2016, the Deputy U.S. Marshal and a task-force officer located Yoon in San Antonio at the address he provided on the DD Form 2791. (*Id.*). Yoon told them he came to San Antonio at the beginning of December in 2015 following his release from the military. (*Id.* at 3-4). Yoon stated that he had been in San Antonio since that time, except for about two weeks when he traveled to New York to see his parents for the Christmas holidays. (*Id.* at 4).

Yoon was charged by criminal Information with one count of failing to register and update his registration as required by SORNA in violation of § 2250(a). (ECF No. 16 in 5:16-CR-132-DAE-1). Yoon retained attorney Richard Jung to represent him and pleaded guilty to the charge via a Plea Agreement on March 1, 2016. (ECF No. 17 in 5:16-CR-132-DAE-1). On June 20, 2016, the Court sentenced Yoon to a term of imprisonment of time-served, a five-year term of supervised release, and a $100 special monetary assessment. (ECF No. 33 in 5:16-CR-132-DAE-1).

On April 27, 2017, while Yoon was serving his term of supervised release, the Court of Criminal Appeals of the United States Navy-Marine Corps set aside his underlying military conviction for abusive sexual contact for being "factually insufficient," and as a result, his military status was changed from a "bad conduct" discharge to a discharge "under honorable conditions (general)" as of July 21, 2017. (ECF No. 35-2 in 5:16-CR-132-DAE-1). On October 4, 2017, Yoon filed a motion pursuant to 18 U.S.C. § 3583(e)(1) seeking early termination of his term of supervised release. (ECF No. 35 in 5:16-CR-132-DAE-1). The Court granted the motion, finding that Yoon presented sufficient evidence of substantially changed circumstances warranting early termination of his supervised release—specifically, Yoon's full compliance with the terms of his supervised release for more than a year and the fact that his conviction for abusive sexual contact

3

was overturned. (ECF No. 37 in 5:16-CR-132-DAE-1). Yoon's supervised release was terminated on October 18, 2017.

Almost eight years later, on September 22, 2025, Yoon filed the "Petition for Writ of Habeas Corpus (Pro Se) Or, in the Alternative, Petition for Writ of Error Coram Nobis", seeking to vacate his conviction for failure to register "through habeas corpus, or in the alternative, the writ of error coram nobis." (ECF No. 1 at 1). The Petition asserted four grounds for relief. First, Yoon complained of a due process violation in his court-martial proceeding based on the sudden withdrawal of a plea agreement offering to reduce the abusive sexual contact charge to assault consummated by battery, and the military judge's denial of his request for a continuance. Second, he alleged government misconduct because he attempted to comply with the sex offender registration requirement by appearing in person to register in Bexar County, Texas, but he was turned away because no district attorney was present, and no record was made of his registration attempt. Third, he complained of ineffective assistance of counsel due to his counsel's failure to secure the necessary continuance or properly preserve his appeal rights.[2] Fourth, Yoon alleged ongoing collateral consequences, causing severe harm to his professional career, civil rights, and mental health.

The Government filed a timely Response in opposition to the Petition on October 21, 2025. (ECF No. 4). The Government argued that Yoon's conviction for failing to register as a sex offender under § 2250(a) should not be vacated based on the fact that the predicate sex offense was subsequently overturned. Yoon did not file a timely reply to the Government's Response.

---

[2] The basis for the ineffective assistance of counsel claim is not entirely clear. It appears Yoon alleged ineffective assistance of counsel in his court-martial proceeding for failing to secure a continuance after the plea agreement was withdrawn. However, in his Affidavit submitted with the Petition, Yoon complains that the attorney he retained to assist him in seeking post-conviction relief (Stephen Toland) neglected his case for nearly six years. Yoon did not reassert these claims in his Amended Petition for Coram Nobis Relief.

4

Instead, on January 12, 2026, Yoon filed an Amended Petition for Writ of Error Coram Nobis. (ECF No. 5). The Amended Petition narrowed Yoon's grounds for *coram nobis* relief to allege fundamental error based on his claim that Bexar County officials interfered with his registration attempt, rendering registration impossible. Yoon also pleaded additional facts to establish the requirements for *coram nobis* relief. The Government did not file a response to the Amended Petition.

## LEGAL STANDARDS

"The writ of *coram nobis* is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996) (citing *United States v. Castro*, 26 F.3d 557 (5th Cir. 1994)). *Coram nobis* is not a substitute for appeal and may be used to correct only the most fundamental errors. *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) (citing *United States v. Morgan*, 346 U.S. 502, 512 (1954)). "[C]ourts must be cautious so that the extraordinary remedy of *coram nobis* issues only in extreme cases." *United States v. Denedo*, 556 U.S. 904, 916 (2009). The Supreme Court has noted that it "is difficult to conceive of a situation in a federal criminal case today where [the writ] would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996).

A petitioner seeking the writ must show: (1) a continuing civil disability as a consequence of her prior conviction, *Castro*, 26 F.3d at 559; that (2) she exercised "reasonable diligence in seeking prompt relief," *Dyer*, 136 F.3d at 427 (internal quotations omitted) (citing *Morgan*, 346 U.S. at 512); (3) no other remedy is available, *id.* at 422 (citing *Morgan*, 346 U.S. at 512); and (4) unless relief is granted, there will be "a complete miscarriage of justice," *Castro*, 26 F.3d at 559.

## DISCUSSION

a.  No longer in custody

Yoon must show that he is no longer in custody for his conviction for failing to register as a sex offender under § 2250(a). *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004); *Dyer*, 136 F.3d at 422 ("the writ has been used as an avenue of collateral attack when the petitioner has completed his sentence and is no longer 'in custody' for purposes of seeking relief under either 28 U.S.C. § 2241 or § 2255"); *United States v. Hatten,* 167 F.3d 884, 887 n.6 (5th Cir. 1999) (Where a petitioner is still in custody at the time he files the petition, the writ of *coram nobis* is not available to the petitioner.). A petitioner who is serving a term of supervised release does not satisfy the "no longer in custody" requirement. *United States v. Miller*, 546 F. App'x 335, 336 (5th Cir. 2013). Yoon's term of supervised release was terminated on October 18, 2017. Accordingly, Yoon meets the first requirement of showing he is no longer in custody.

b.  No other remedy

Yoon must also show that he has no other remedy available. Since Yoon is no longer in custody for the conviction he challenges, a *coram nobis* writ is the only relief he may seek. *See Esogbue*, 357 F.3d at 534 (the alternative legal remedy of a successive § 2255 motion was not available to a petitioner who is no longer in custody); *United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989) (The only meaningful remedy available to petitioner who served his sentence is that provided by the writ of *coram nobis*.). Accordingly, Yoon meets the requirement for showing there is no other remedy available.

c.  Fundamental error

Yoon must further demonstrate an error "of the most fundamental character" resulting in a "complete miscarriage of justice." *Id.* (quoting *Morgan*, 346 U.S. at 502). This standard is more

6

demanding than the cause and prejudice standard for relief under § 2255. *Jimenez*, 91 F.3d at 768 n.6 (citing *Castro*, 26 F.3d at 557). A petitioner does not make the necessary showing of a "complete miscarriage of justice" by raising claims that have already been presented in a § 2255 petition, that has been considered and dismissed, or claims that reasonably could have been raised in a § 2255 petition. *Esogbue*, 357 F.3d at 535; *United States v. Yang*, No. 21-10309, 2022 WL 3098700, at *1 (5th Cir. Aug. 4, 2022) (A coram nobis petition may not be used to litigate claims that reasonably could have been raised in a § 2255 motion) (citation omitted).

The Government argues, relying on the United States Court of Appeals for the First Circuit's decision in *United States v. Roberson*, that the Court should not vacate Yoon's § 2250(a) conviction based on the fact that his predicate conviction for abusive sexual contact was subsequently overturned. 752 F.3d 517 (1st Cir. 2014). In *Roberson*, the First Circuit, applying the "same mode of analysis" as *Lewis v. United States*, 100 S. Ct. 915 (1980), held "that SORNA's registration requirement applied to *Roberson* as a person who 'was convicted' of a sex offense . . . regardless of whether that conviction is later vacated, when federal charges have been brought for conduct before the vacation of conviction." 752 F.3d at 519.

Although the Fifth Circuit has not addressed this specific question in the SORNA context, it has applied *Lewis* to uphold convictions under 18 U.S.C. § 922 when the convictions that served as the predicate later proved to be invalid. *United States v. Cerdes*, No. 24-30526, 2025 WL 2364962, at *2 (5th Cir. Aug. 14, 2025) (affirming the denial of *coram nobis* relief where petitioner sought to vacate § 922(g)(1) conviction after successfully vacating predicate conspiracy conviction because at the time the petitioner "possessed ammunition, th[e] predicate felony conviction remained in place"). Thus, insofar as Yoon seeks to vacate his § 2250(a) conviction on the grounds

that his predicate conviction for abusive sexual contact was overturned, his request for *coram nobis* relief is denied.

However, Yoon's primary basis for seeking *coram nobis* relief, which he asserted in his original Petition and expounded upon in much greater detail in his Amended Petition, is the alleged fundamental error resulting from government interference with his attempt to register in person at the Bexar County Sheriff's office. Specifically, Yoon alleges that he personally appeared at the Bexar County sex offender registration office in San Antonio, Texas in November 2015[3], immediately following his release from military confinement, for the purpose of registering as required by law, but was turned away "due to the absence of the appropriate district attorney or required authority." (ECF No. 5 at 3). He alleges he was not permitted to submit paperwork, fingerprints, or any provisional registration, and was not provided with alternative instructions or a return appointment. (*Id.*).

Yoon alleges that this "administrative refusal" by government officials, which he characterizes as "affirmative government interference," rendered sex offender registration factually impossible, and fundamental principles of due process prohibit punishing an individual for failing to perform an act that the government itself made impossible. (*Id.* at 5-6). Yoon further alleges that he did not have the requisite *mens rea* to support his conviction for failing to register because he attempted to comply with registration requirements but was turned away by authorities. In support of this claim of fundamental error, Yoon submitted the sworn statement of an

---

[3] The Amended Petition actually uses the date "November 2017." However, in deference to the *pro se* Petitioner, the Court construes "2017" as a typographical error. Yoon was released from military confinement on November 15, 2015. In his motion seeking early termination of his supervised release, Yoon alleged that he visited the Bexar County Sheriff's Office in November 2015 and attempted to register. (ECF No. 35 at 5 in 5:16-CR-132-DAE-1). Yoon was no longer required to register as a sex offender in November 2017 because his predicate sexual offense was overturned and his term of supervised release for failing to register had already terminated. Accordingly, the Court construes this date as November 2015.

8

acquaintance, who avers that Yoon told him of his attempt to register following his release from military custody. (*Id.* at 11).

Yoon fails to demonstrate a fundamental error because he reasonably could have raised these claims in a direct appeal or in a § 2255 motion while he was in custody serving his term of supervised release. Yoon knew he attempted to register but was turned away by Bexar County officials even before he was charged with failing to register in this case. Yoon further fails to demonstrate fundamental error based on his claim that Bexar County officials rendered his registration "factually impossible" or that he lacked the requisite *mens rea*. These allegations are directly contradicted by Yoon's knowing and voluntary guilty plea, wherein he admitted to a factual basis in support of the elements of the offense, including the knowledge requirement. In pleading guilty, Yoon waived his right to assert a defense to the scienter requirement at a trial or any affirmative defense based on impossibility provided in § 2250(c). Accordingly, for all of these reasons, Yoon fails to demonstrate fundamental error.

d. Reasonable Diligence

Because *coram nobis* is an extraordinary remedy, "a petitioner seeking coram nobis must exercise 'reasonable diligence' in seeking prompt relief." *Dyer*, 136 F.3d at 427. The writ should issue only when a petitioner has shown there are "'sound reasons . . . for failure to seek appropriate earlier relief.'" *Id.* at 422 (quoting *Morgan*, 346 U.S. at 512) (ellipsis added). Because there is no applicable statute of limitations for a petition for a writ of error *coram nobis*, a district court considering the timeliness of a petition "must decide the issue in light of the circumstances of the individual case." *Foont v. United States*, 93 F.3d 76, 79 (2d Cir. 1996). The Fifth Circuit has held that a petitioner who filed a *coram nobis* action six years after his term of supervised release ended was not reasonably diligent in seeking prompt relief. *United States v. Lockhart*, 165 F.4th 933, 937

(5th Cir. 2026); *see Chico v. United States*, 703 F. App'x 292, 294 (5th Cir. 2017) (an unexplained two-year delay in filing a *coram nobis* petition failed to demonstrate reasonable diligence).

Yoon has not demonstrated sound reasons for failing to seek earlier relief. Although his supervised release terminated on October 18, 2017, Yoon did not file his initial *coram nobis* Petition until almost eight years later, on September 22, 2025. The factual basis for Yoon's claim that interference by Bexar County officials rendered his registration under SORNA impossible was known to Yoon at least by the time he pleaded guilty to failing to register in this case in 2016. Additionally, insofar as Yoon seeks to vacate his conviction for failing to register based on the fact that his predicate offense for abusive sexual contact was subsequently overturned, the factual basis for that claim was discoverable in 2017. Yoon's conviction for abusive sexual contact was overturned on April 27, 2017, and his military status was changed from a "bad conduct" discharge to a discharge "under honorable conditions (general)" as of July 21, 2017.

Yoon attempts to excuse the delay in filing by first asserting that "at the time of [his] release from custody, [he] reasonably believed that his attempt to register as a sex offender—made in person at the Bexar County registration office in November 201[5] and refused by authorities— had been sufficient to demonstrate compliance." (ECF No. 5 at 2). This argument is unpersuasive because Yoon knew that his attempt to register in Bexar County was not sufficient when he pleaded guilty to failing to register in 2016.

Yoon further attempts to excuse the delay by asserting that he relied on retained legal counsel—attorney Stephen Toland—to pursue post-conviction relief from 2017-2022, but Mr. Toland, in essence, abandoned him. In support of this claim, Yoon submitted what he purports to be email correspondence demonstrating that the delay was the result of attorney inaction rather than a lack of diligence on Yoon's part. (ECF No. 5 at 13-20). However, even assuming for the

10

sake of argument that Mr. Toland's purported abandonment provided a valid excuse for not filing a *coram nobis* petition from 2017-2022, this does not justify the additional three-year delay in filing a petition from 2022-2025.

Finally, Yoon argues that he did not understand the factual and legal basis for *coram nobis* relief until he obtained a "third-party witness statement confirming the registration attempt and refusal, and official documentation of ongoing collateral consequences." (*Id.* at 3). This is uncompelling because Yoon does not demonstrate why the witness statement or documentation could not have been obtained at an earlier time.

e.  Civil disability

As a final prerequisite, Yoon must demonstrate a continuing civil disability as a consequence of his conviction for failure to register. *Castro*, 26 F.3d at 559. Yoon asserts that he continues to suffer "substantial and ongoing collateral consequences as a direct result of the conviction," including "barriers to education and employment, reputational harm, mandatory treatment requirements, and severe mental and physical health consequences." (ECF No. 5 at 3). He asserts that he has been diagnosed with post-traumatic stress disorder and related conditions, such as chronic migraines and gastrointestinal disorders, which have been formally recognized by the United States Department of Veterans Affairs (VA), resulting in a permanent and total disability rating. (*Id.* at 4). Yoon asserts that following his release, he was compelled to attend sex offender treatment classes and was subjected to ongoing restrictions, stigma, and reputational harm. Finally, he asserts that the failure to register conviction has prevented him from entering a nursing program and has caused continuing harm to his education and employment opportunities and his quality of life.

In support of this claim, Yoon submitted VA records documenting his physical and mental health diagnoses and his permanent and total disability rating.[4] (*Id.* at 21-31). He further submitted a letter sent to him from the Executive Director of the Texas Board of Nursing dated August 1, 2025. (*Id.* at 32). The letter states that Yoon "may be ineligible to retain or obtain a license in nursing" due to the prior conviction for failure to register and requests that Yoon submit to a forensic psychological evaluation with polygraph component (at Yoon's expense), the results of which the Board may use to determine his fitness to practice nursing. (*Id.*).

Although it is clear Yoon is experiencing consequences following his erroneous military conviction and subsequent conviction for failing to register, Yoon has not pointed to any authority holding that physical and mental health diagnoses qualify as the types of civil disabilities sufficient to warrant the extraordinary remedy of *coram nobis* relief. Although the Fifth Circuit has not provided lower courts with clear guidance as to what constitutes a civil disability, the Fifth Circuit has held, for example, that immigration consequences, such as possible deportation, are sufficient. *Esogbue*, 357 F.3d at 534 ("Because Esogbue filed his petition in the court of his conviction, faces the collateral consequence of possible deportation, and is no longer serving his sentence for his federal conviction, the district court's dismissal for lack of jurisdiction was error.").

District courts in this Circuit have not typically found that the types of collateral consequences ordinarily flowing from a felony conviction are sufficient to warrant *coram nobis* relief. *Glinsey v. United States*, No. 2:07-CV-196-GHD, 2008 WL 2695659, at *2 (N.D. Miss. July 9, 2008) ("Although Petitioner complains of being prohibited from participating in certain occupations such as law enforcement and grocery store owner, one who is convicted of a crime can be expected to endure certain reputational injuries.") (citation omitted); *United States v.*

---

[4] VA records submitted in support of Yoon's original Petition show a combined 100% overall disability since July 26, 2023.

*Harrison*, No. 6:99-CR-2(1), 2014 WL 12848415, at *2 (E.D. Tex. June 24, 2014) ("the collateral consequences of a criminal conviction that Defendant alleges—his inability to vote, own a firearm, and pursue employment opportunities that do not hire convicted felons—are insufficient to warrant coram nobis relief") (citation omitted); *Mihailovich v. United States*, No. 3:05-CR-067-N-1, 2015 WL 5326172, at *3 (N.D. Tex. June 22, 2015) (financial obligations and injury to reputation are insufficient to warrant coram nobis relief), *Report and Recommendation adopted*, No. 3:14-CV-04272-N-BK, 2015 WL 5396033 (N.D. Tex. Sept. 14, 2015); *United States v. Biegon*, No. 4:00-CR-31(06), 2022 WL 1081832, at *3 (E.D. Tex. Apr. 10, 2022) ("Unlike the prospect of deportation, failure to gain entry into a legal studies program is not an adverse collateral consequence of the Movant's conviction.") (citation omitted), *aff'd*, No. 22-40353, 2022 WL 17292448 (5th Cir. Nov. 29, 2022).

However, the Seventh Circuit has held that while financial penalties and diminishment of reputation do not entail continuing legal effects of a judgment, "the writ is valuable to bring an end to what may be substantial civil disabilities attached to criminal convictions . . . includ[ing] loss of the rights to vote, hold occupational licenses (including law licenses), and bear arms. *United States v. Keane*, 852 F.2d 199, 203 (7th Cir. 1988); *Howard v. United States*, 962 F.2d 651, 654 (7th Cir. 1992). In the absence of any clear, binding authority holding that the consequences Yoon describes amount to continuing civil disabilities for purposes of *coram nobis* relief, and given the extraordinary nature of the writ, the Court finds that Yoon fails to meet this final requirement.

## CONCLUSION

Yoon fails to demonstrate entitlement to *coram nobis* relief. Accordingly,

**IT IS ORDERED** that Petitioner Hyunho Yoon's Amended Petition for Writ of Error Coram Nobis (ECF No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DISMISSED AS MOOT**, and this case is now **CLOSED**.

SIGNED the 23rd day of March 2026.

_____
DAVID A. EZRA
SENIOR UNITED STATES DISTRICT JUDGE